# RLI INSURANCE COMPANY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BIPINCHANDRA SHAH,

            PETITIONER,

  -against-

RLI PARTNERS, LIMITED, LIMITED LIABILITY COMPANY "INVESTMENT LOTTERY COMPANY", LIMITED LIABILITY COMPANY "INVESTMENT FINANCIAL COMPANY METROPOL and COMMERCIAL BANK "OBI'EDINENNY INVESTITSIONNYI BANK" LIMITED LIABILITY COMPANY,

            RESPONDENTS.

---

BOND NO. **RSB 739383**

UNDERTAKING ON ATTACHMENT

Case No. 08 Civ. 4446 (JES)

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 5/22/08

The above named Petitioner, BIPINCHANDRA SHAH, having applied to this Court, for an Order of Attachment against the property of the above named Respondents, LIMITED LIABILITY COMPANY "INVESTMENT FINANCIAL COMPANY METROPOL and COMMERCIAL BANK "OBI'EDINENNY INVESTITSIONNYI BANK" LIMITED LIABILITY COMPANY under and by virtue of Rule 64 of the Federal Rules of Civil Procedure and Article 62 of the Civil Practice Law and Rules, as more fully set forth in the order granted by the Hon. John E. Sprizzo on May 15, 2008 under and by virtue of the Federal Rules of Civil Procedure upon the posting of an undertaking in the sum of TEN THOUSAND AND 00/000 ($10,000) DOLLARS.

NOW, THEREFORE, the **RLI INSURANCE COMPANY**, having an office and principal place of business for the state of New York, at Three Franklin Square, Suite #6, Saratoga Springs, NY 12866, as Surety, does hereby undertake in the sum of TEN THOUSAND AND 00/000 ($10,000) DOLLARS, which is the total amount of undertaking as fixed by the Court pursuant to Statute to be given by the Petitioner on said application, that Petitioner, BIPINCHANDRA SHAH, shall pay all legal costs and damages which may be sustained by reason of the attachment if the Respondents recover judgment or if it is finally decided that the Petitioner was not entitled to an attachment of the property of said Respondents; and the balance thereof conditioned that the Petitioner shall pay to the U.S. Marshall or any Sheriff of the State of New York all of his allowable fees.

PROVIDED, HOWEVER, that the liability of the **RLI INSURANCE COMPANY** on this Undertaking shall not in any event exceed of the aforesaid fixed total amount.

Dated, May 22, 2008.

Approved J. Michael Mcmahon
      Clerk

By David J. Thomas
    Deputy Clerk
    5/22/08

RLI INSURANCE COMPANY

By _____
WILLIAM J. PEDERSEN
ATTORNEY-IN-FACT



RLI Surety
P.O. Box 3967 | Peoria, IL 61612-3967
Phone: (800)645-2402 | Fax: (309)689-2036
www.rlicorp.com

# POWER OF ATTORNEY
### RLI Insurance Company

*Know All Men by These Presents:*

That this Power of Attorney is not valid or in effect unless attached to the bond which it authorizes executed, but may be detached by the approving officer if desired.

That **RLI Insurance Company**, an Illinois corporation, does hereby make, constitute and appoint:
Carolyn Offenhartz, William J. Pedersen, jointly or severally.

in the City of _____New York_____, State of _____New York_____ its true and lawful Agent and Attorney in Fact, with full power and authority hereby conferred, to sign, execute, acknowledge and deliver for and on its behalf as Surety, the following described bond.

**Any and all bonds provided the bond penalty does not exceed Twenty Five Million Dollars ($25,000,000.00).**

The acknowledgment and execution of such bond by the said Attorney in Fact shall be as binding upon this Company as if such bond had been executed and acknowledged by the regularly elected officers of this Company.

The **RLI Insurance Company** further certifies that the following is a true and exact copy of the Resolution adopted by the Board of Directors of **RLI Insurance Company**, and now in force to-wit:

"All bonds, policies, undertakings, Powers of Attorney or other obligations of the corporation shall be executed in the corporate name of the Company by the President, Secretary, any Assistant Secretary, Treasurer, or any Vice President, or by such other officers as the Board of Directors may authorize. The President, any Vice President, Secretary, any Assistant Secretary, or the Treasurer may appoint Attorneys in Fact or Agents who shall have authority to issue bonds, policies or undertakings in the name of the Company. The corporate seal is not necessary for the validity of any bonds, policies, undertakings, Powers of Attorney or other obligations of the corporation. The signature of any such officer and the corporate seal may be printed by facsimile."

IN WITNESS WHEREOF, the **RLI Insurance Company** has caused these presents to be executed by its ___Vice President___ with its corporate seal affixed this ___10th___ day of ___April___, ___2008___.

**RLI Insurance Company**

By: _____
     Roy C. Die                  Vice President

State of Illinois  } SS
County of Peoria  }

On this ___10th___ day of ___April___, ___2008___, before me, a Notary Public, personally appeared ___Roy C. Die___, who being by me duly sworn, acknowledged that he signed the above Power of Attorney as the aforesaid officer of the **RLI Insurance Company** and acknowledged said instrument to be the voluntary act and deed of said corporation.

By: _____
    Jacqueline M. Bockler         Notary Public

"OFFICIAL SEAL"
JACQUELINE M. BOCKLER
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 03/01/10

*3144075030110*

### CERTIFICATE

I, the undersigned officer of **RLI Insurance Company**, a stock corporation of the State of Illinois, do hereby certify that the attached Power of Attorney is in full force and effect and is irrevocable; and furthermore, that the Resolution of the Company as set forth in the Power of Attorney, is now in force. In testimony whereof, I have hereunto set my hand and the seal of the **RLI Insurance Company** this ___ day of ___MAY___, ___2008___.

**RLI Insurance Company**

By: _____
     Roy C. Die                  Vice President

A0058707



RLI Insurance Company
P.O. Box 3967  Peoria IL 61612-3967
Phone: 309-692-1000   Fax: 309-692-8637

# RLI Insurance Company
December 31, 2007

| Admitted Assets | | |
|---|--:|--:|
| Investments: | | |
|    Fixed maturities | $ | 554,826,330 |
|    Equity securities | | 699,125,363 |
|    Short-term investments | | 33,799,413 |
| Real estate | | 6,174,137 |
| Cash on hand and on deposit | | -4,655,818 |
| Other invested assets | | 0 |
| Receivables for securities | | 1,710,930 |
| Agents' balances | | 33,873,966 |
| Investment income due and accrued | | 7,336,257 |
| Funds held | | 4,000 |
| Reinsurance recoverable on paid losses | | 14,984,528 |
| Federal income taxes receivable | | 1,385,987 |
| Electronic data processing equipment, net of depreciation | | 638,781 |
| Receivable from affiliates | | 144,304 |
| Other admitted assets | | 2,536,924 |
| **Total Admitted Assets** | **$** | **1,351,885,102** |

| Liabilities and Surplus | | |
|---|--:|--:|
| Liabilities: | | |
|    Reserve for unpaid losses and loss adjustment expenses | $ | 341,640,775 |
|    Unearned premiums | | 139,049,214 |
|    Accrued expenses | | 53,574,246 |
|    Funds held | | 537,795 |
|    Advance premiums | | 3,954,125 |
|    Amounts withheld | | 13,934,729 |
|    Ceded reinsurance premium payable | | 8,941,408 |
|    Payable for securities | | 0 |
|    Statutory penalties | | 903,200 |
|    Federal income tax payable | | 7,935,766 |
|    Borrowed money and accrued interest | | 28,022,985 |
|    Drafts outstanding | | 0 |
|    Payable to affiliate | | 0 |
|    Other liabilities | | 1,386,534 |
| **Total Liabilities** | **$** | **599,880,777** |
| Surplus: | | |
|    Common stock | $ | 10,000,375 |
|    Additional paid-in capital | | 242,451,084 |
|    Unassigned surplus | | 499,552,866 |
| **Total Surplus** | **$** | **752,004,325** |
| **Total Liabilities and Surplus** | **$** | **1,351,885,102** |

State of Illinois }
County of Peoria }

The undersigned, being duly sworn, says: That he is the President of **RLI Insurance Company**; that said Company is a corporation duly organized, in the State of Illinois, and licensed and engaged in business in the State of **New York** and has duly complied with all the requirements of the laws of said State applicable of said Company and is duly qualified to act as Surety under such laws; that said Company has also complied with and is duly qualified to act as Surety under the Act of Congress approved July 1947, 6U.S.C sec. 6-13; and that to the best of his knowledge and belief the above statement is a full, true, and correct statement of the financial condition of the said Company on the 31st day of December 2007.

**Attest:**



{ Corporate Seal Affixed }

_____  Michael J. Stone, President

_____  Cynthia S. Dohm, Assistant Secretary

Sworn to before me this 14th day of February, 2008.



{ Notarial Seal Affixed }

_____  Jacqueline M. Bockler, Notary Public, State of Illinois

M0058208