UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BIPINCHANDRA SHAH,

                Petitioner,

- against -

RLI PARTNERS, LIMITED, LIMITED LIABILITY COMPANY "INVESTMENT LOTTERY COMPANY", LIMITED LIABILITY COMPANY "INVESTMENT FINANCIAL COMPANY 'METROPOL'", and COMMERCIAL BANK "OBI'EDINENNYI INVESTITSIONNYI BANK" (LIMITED LIABILITY COMPANY),

                Respondents.

Civil Action No.: 08 Civ. 4446 (JES)

**PETITIONER'S
RULE 56.1 STATEMENT**

---

Petitioner Bipinchandra Shah ("Shah" or "Petitioner"), by his attorneys, Salans, as and for his statement of material facts as to which there is no genuine issue to be tried, states as follows:

    1.    Petitioner Shah is an individual and resident of New York, New York. He is a citizen of the United States of America.

    2.    Respondent RLI Partners, Limited ("RLI") is a limited liability company organized and existing under the laws of Gibraltar. (Hay Affidavit[1] at Exhibit 2 ("Hay Aff."), Declaration of Bipinchandra Shah ("Shah Decl."),[2] at Exhibit A p.2.)

---

[1] Hereafter, references to "Hay Aff. at __" are to the affidavit of John J. Hay, Esq., sworn to on August 20, 2008 submitted in support of Petitioner's motion.

[2] References to "Shah Decl." are to Exhibit 2 to the Hay Affidavit. The Shah Decl. itself incorporates Exhibits A-E. References herein to Exhibits A-E are to Exhibits of the Shah Decl.

3. Respondent Limited Liability Company "Investment Financial Company 'Metropol'" ("IFC Metropol"), is a limited liability company organized and existing under the laws of the Russian Federation. (Id.)

4. Respondent Commercial Bank "Obi'edinennyi Investitsionnyi Bank" (Limited Liability Company) ("ObiBank"), is a limited liability company organized and existing under the laws of the Russian Federation. (Id.)

5. Respondent Limited Liability Company "Investment Lottery Company" ("ILC") is a limited liability company organized and existing under the laws of the Russian Federation. (Id.) ILC was a party to the arbitration described below and was included as a Respondent in this action. However, Petitioner was unable to serve ILC because it is believed it has ceased operations. On August 18, 2008, Petitioner served and filed a Notice of Dismissal, dismissing ILC, without prejudice, as a party to this action. (Hay Aff. at ¶ 12 and Ex. 5 thereto.)

6. On July 29, 2005, Shah entered into three agreements concerning a bridge loan in the amount of (USD) $3,000,000 ("Bridge Loan"),[3] with Shah as lender and RLI and ILC acting as borrowers. These agreements were: the Framework Agreement, which was entered into among Shah, on the one hand and RLI, ILC, IFC Metropol and ObiBank on the other; the Loan Agreement, entered into among Shah and RLI and ILC; and the Withdrawal Agreement, entered into among Shah, ILC and ObiBank. These three agreements are hereafter collectively referred to as the "Initial Agreements." (Shah Decl. at ¶ 3.)

7. Each of the Initial Agreements contains the identical arbitration clause, which reads as follows:

---

[3] All references to currency used throughout this Statement refer to United States Dollars.

> "Any dispute under this Agreement or any of the Transaction Documents shall be referred to and finally resolved by arbitration in accordance with the Rules of Arbitration ("Rules") of the London Court of International Arbitration ("LCIA") and such Rules are considered as part of this clause. The tribunal shall consist of three arbitrators appointed by LCIA as the nominating authority in accordance with the Rules. The seat of arbitration shall be London. The language of the arbitration proceedings shall be English."

(Shah Decl. at ¶ 4; Ex. A at 9.2; Ex. B at 9.7(b); Ex. C at 10.07.)

8. Exhibits A, B and C to the Shah Declaration are true, correct and complete copies of the Framework Agreement, the Loan Agreement and the Withdrawal Agreement respectively. (Shah Decl. at ¶ 3.)

9. On July 29, 2005, Shah wired $3 million pursuant to the Initial Agreements to be deposited in ObiBank's bank account maintained by it in the Bank of New York in New York City. (Shah Decl. at ¶ 5.)

10. On or about September 27, 2006, RLI and ILC (as borrowers) and Shah entered into the First Extension and Modification Agreement, extending the date for repayment of the loan (the "Extension Agreement"). (Shah Decl. at ¶ 6.)

11. Respondents RLI and ILC never repaid the Bridge Loan and breached their obligations under the Initial Agreements and the Extension Agreement in numerous ways. Additionally, ObiBank and IFC Metropol failed to repay the loan and reimburse Shah in any way. (Shah Decl. at ¶ 7.)

12. On or about September 20, 2006, pursuant to the terms of the Initial Agreements, Shah commenced an arbitration before the LCIA. (Shah Decl. at ¶ 8.)

13. Each Respondent appeared in the arbitration, responded to the claims presented, asserted numerous defenses and participated in the arbitration's pre-hearing and post-hearing proceedings. (Id.)

NewYork 1187804.2

14. On or about April 7, 2008, the Tribunal handed down its decision and award, concluding Shah was due the following amounts:

    i. against Respondents RLI, ILC, IFC Metropol and ObiBank, jointly and severally, the amount of $5,371,447.12, as of April 7, 2008; and

    ii. against Respondents RLI and ILC, jointly and severally, an additional amount of $449,329.89, as of April 7, 2008.

(Shah Decl. at ¶ 9.)

15. The Tribunal also directed that Respondents pay the following per diem amounts for each and every day beyond April 7, 2008 until payment is received by Shah:

    i. Respondents RLI, ILC, IFC Metropol and ObiBank, jointly and severally, the amount of $1,447.23 per day; and

    ii. Respondents RLI and ILC, jointly and severally, an additional amount of $436.01 per day.

(Shah Decl. at ¶ 10.)

16. Exhibit E to the Shah Declaration is a true, correct and complete copy of the Final Arbitral Award. (Shah Decl. at ¶ 10.)

17. On May 12, 2008, Shah commenced this proceeding by filing the Notice of Petition, Petition to Confirm Foreign Arbitral Award ("Petition") and Shah Declaration with the Court. (Hay Aff. at ¶ 8.)

18. On June 6, 2008, Respondent RLI was duly and properly served with the Notice of Petition, Petition and supporting documentation in this action. RLI has failed to appear, answer or otherwise respond to the Petition. RLI's time to so respond has expired and it is in default. (Hay Aff. at ¶¶ 10 and 13, and Exhibit 6 thereto, the Clerk's Certificate of Default.)

19. On June 23, 2008 Respondents IFC Metropol and ObiBank were duly and properly served with the Notice of Petition, Petition and supporting documentation in this action. Respondents IFC Metropol and ObiBank have failed to appear, answer or otherwise respond to

the Petition. Respondents' ObiBank's and IFC Metropol's time to so respond has expired and they are in default. (Hay Affidavit at ¶¶ 11 and 13, and Exhibit 6 thereto.)

20. Shah timely commenced this proceeding against Respondents. (Hay Aff. at ¶ 14.) The Award is valid against Respondents. It falls under the New York Convention in that it was made in the United Kingdom arises out of a commercial legal relationship and is not between citizens of the United States. There is no cognizable grounds for refusing recognition or enforcement of the Award. (Hay Aff. at ¶ 14; Ex. 1 at ¶ 20.)

21. Shah is entitled to judgment confirming the Arbitral Award and judgment based on the award against Respondents RLI, Obi/bank and Metropol, jointly and severally, in the amount of $5,566,823.17. In addition, Shah is entitled to an additional judgment against Respondent RLI in the amount of $508,191.24. (Hay Aff. at ¶ 15.)

Dated: New York, New York
August 20, 2008

Respectfully submitted,

SALANS
*Attorneys for Petitioner Bipinchandra Shah*

By: _____
John J. Hay
Christopher A. Blackwell
Rockefeller Center
620 Fifth Avenue
New York, New York 10020
Tel. (212) 632-5500
Fax. (212) 632-5555