UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BIPINCHANDRA SHAH,

            Petitioner,

- against -

RLI PARTNERS, LIMITED, LIMITED LIABILITY COMPANY "INVESTMENT LOTTERY COMPANY", LIMITED LIABILITY COMPANY "INVESTMENT FINANCIAL COMPANY 'METROPOL'", and COMMERCIAL BANK "OBI'EDINENNYI INVESTITSIONNYI BANK" (LIMITED LIABILITY COMPANY),

            Respondents.

Civil Action No.: 08 Civ. 4446 (JES)

---

**PETITIONER'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

 

John J. Hay
Christopher A. Blackwell
**SALANS**
Rockefeller Center
620 Fifth Avenue
New York, New York 10020
(212) 632-5500
*Attorneys for Petitioner Bipinchandra Shah*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF FACTS ........................................................................................1

I.     Background ....................................................................................................1

II.    The Arbitration Proceedings .........................................................................3

III.   The Instant Proceeding ..................................................................................4

ARGUMENT .............................................................................................................4

IV.   SUMMARY JUDGMENT SHOULD BE GRANTED WITH
RESPECT TO SHAH'S PETITION TO CONFIRM ARBITRAL AWARD ..............5

    A.    Service of the Notice, Petition and Accompanying Papers Upon
Respondents RLI, IFC Metropol and ObiBank was Proper .........................6

        1.    Service of the Petition on RLI was Proper......................................6

        2.    Service of the Petition on IFC Metropol and ObiBank
was Proper.......................................................................................8

    B.    The Court Should Recognize, Confirm and Enforce the Arbitral Award...........9

CONCLUSION.........................................................................................12

## TABLE OF AUTHORITIES

### CASES

Ackermann v. Levine,
　788 F.2d 830 (2d Cir. 1986)..................................................................................................7

Anderson v. Liberty Lobby, Inc.,
　477 U.S. 242 (1986).................................................................................................................5

Arista Records LLC v. Media Services LLC,
　2008 WL 563470 (S.D.N.Y. Feb. 25, 2008)...........................................................................8

Compagnie Noga D'Importation Et D'Exp. S.A. v. Russian Fed'n,
　361 F.3d 676 (2d Cir. 2004)..................................................................................................11

D.H. Blair & Co., Inc. v. Gottdiner, 462 F.3d 95 (2d Cir. 2006)..................................................4, 5

EOI Corp. v. Med. Mktg. Ltd.,
　172 F.R.D. 133 (D.N.J. 1997)................................................................................................7

Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.,
　544 F. Supp. 2d 949 (N.D. Cal. 2008)...................................................................................8

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
　475 U.S. 574 (1986).................................................................................................................5

Milligan v. Citibank,
　2001 WL 1135943 (S.D.N.Y. Sept. 26, 2001).......................................................................5

Ottley v. Schwartzberg,
　819 F.2d 373 (2d Cir. 1987)..................................................................................................11

Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.,
　157 F.3d 174 (2d Cir. 1998)..................................................................................................10

Stockley v. AT&T Info. Sys., Inc.,
　687 F. Supp. 764 (E.D.N.Y. 1988).........................................................................................5

Wong v. Partygaming Ltd.,
　2008 U.S. Dist. LEXIS 37039 (N.D. Ohio May 6, 2008).......................................................7

Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.,
　126 F.3d 15 (2d Cir. 1997)....................................................................................................11

## STATUTES

9 U.S.C. § 201 *et seq*...........................................................................................................1, 9

9 U.S.C. § 207 ........................................................................................................................10

Fed. R. Civ. P. 4(f)(2)(A) ........................................................................................................8

Fed. R. Civ. P. 4(h)(2)......................................................................................................6, 8, 9

Fed. R. Civ. P. 55....................................................................................................................4

Fed. R. Civ. P. 56.................................................................................................................1, 5

## TREATIES

Convention on the Recognition and Enforcement of
    Foreign Arbitral Awards................................................................................................9, 10

Hague Convention on the Service Abroad of Judicial and
    Extra-Judicial Documents in Civil and Commercial Matters ................................... 6-9

## PRELIMINARY STATEMENT

Petitioner Bipinchandra Shah ("Shah" or "Petitioner") moves this Court for summary judgment pursuant to Fed. R. Civ. P. 56 on Shah's Petition to Confirm Foreign Arbitral Award ("Petition"), which was filed pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), codified at 9 U.S.C. § 201 *et seq.* (the "Act").

Specifically, Shah moves this Court for summary judgment against Respondents RLI Partners, Limited ("RLI"), Limited Liability Company "Investment Financial Company 'Metropol'" ("IFC Metropol") and Commercial Bank "Obi'edinennyi Investitsionnyi Bank" (Limited Liability Company) ("ObiBank") (RLI, IFC Metropol and ObiBank hereafter collectively referred to as "Served Respondents") confirming the arbitral award rendered by an arbitral tribunal established under the rules of the London Court of International Arbitration ("LCIA") ("Arbitral Award") on April 7, 2008 in favor of Shah against the Served Respondents and another Respondent, Limited Liability Company "Investment Lottery Company" ("ILC"), and entering judgment based upon the Award.

## STATEMENT OF FACTS

I. **Background**

Petitioner Shah is an individual and resident of New York, New York. He is a citizen of the United States. Respondent RLI is a limited liability company organized and existing under the laws of Gibraltar. Respondents IFC Metropol and ObiBank are limited

liability companies organized and existing under the laws of the Russian Federation. (Ex. A p.2 to Ex. 2 to Hay Aff.[1])

Respondent ILC is a limited liability company organized and existing under the laws of the Russian Federation. It is Shah's understanding that ILC is no longer an on-going concern. Shah was unable to serve any papers on ILC related to these proceedings. (Hay Aff. at ¶ 12.) Consequently, Shah has filed a Notice of Dismissal dismissing ILC from this action without prejudice and without costs, reserving all rights. (*Id.*)

In July 2005, Shah (as creditor) and the Served Respondents with ILC (as either borrowers or indemnifiers/guarantors) entered into three agreements concerning a bridge loan of $3,000,000[2] by Shah to RLI and ILC. These agreements were a Framework Agreement, Loan Agreement and Withdrawal Agreement (the "Initial Agreements"). A true, correct and complete copy of each of the Initial Agreements is annexed as Exhibits A, B and C to Exhibit 2 of the Hay Affidavit.

Each of the Initial Agreements contains an identical arbitration clause which provides that "Any Dispute under this Agreement or any of the Transaction Documents shall be referred to and finally resolved by arbitration in accordance with the Rules of Arbitration ("Rules") of the London Court of International Arbitration ("LCIA") and such Rules are considered as part of this clause." (Ex. A at 9.2, Ex. B at 9.7(b), Ex. C at 10.07 to Ex. 2 of the Hay Aff.) Further, "The tribunal shall consist of three arbitrators appointed by LCIA as the nominating authority in accordance with the Rules. The seat of arbitration shall be London. The language of the arbitration proceedings shall be English." (*Id.*)

---

[1] "Hay Aff. at __" are references to the affidavit of John J. Hay, Esq. sworn to on August 20, 2008 and submitted in support of Shah's motion.

[2] All monetary amounts refer to United States dollars.

Pursuant to the Initial Agreements, Shah fully performed his obligations, including paying his $3 million loan. For their part, Respondents breached numerous respective obligations, including failing to timely repay the loan. (Hay Aff. Ex. 2 ¶ 5.) At Respondents' request, Shah agreed to enter into a fourth agreement with Respondents RLI and ILC, the Extension and Modification Agreement ("Extension Agreement"), which extended the repayment date of the loan. Paralleling their previous conduct, RLI and ILC breached their respective obligations under the Extension Agreement by once again failing to timely repay the loan. (*Id.* ¶ 7.) Each Respondent breached the Initial Agreements by failing and refusing to repay the loan, plus interest, and to indemnify Shah for his losses associated with the loan. (*Id.*)

## II. The Arbitration Proceedings

On or about September 20, 2006, pursuant to the terms of the Initial Agreements, Shah commenced an arbitration before the LCIA. An arbitral tribunal ("Tribunal") was thereafter duly constituted in London. Respondents were given notice of the arbitral proceedings, formally responded to the claims, asserted numerous defenses, and participated in both pre-hearing and post-hearing procedures. (*Id.* ¶ 8.)

In accordance with the rules of the LCIA, the Tribunal proceeded with the arbitration and on April 7, 2008, issued its final award (the "Arbitral Award"). A certified copy of the Arbitral Award was provided to the Court at the time the Petition was filed; a true, correct and complete copy is attached as Exhibit E to Exhibit 2 of the Hay Aff.

In the Arbitral Award, the Tribunal determined that Respondents breached numerous obligations under the Initial Agreements and awarded Shah the following amounts:

  i. against all Served Respondents, jointly and severally, the amount of $5,371,447.12; and
  ii. against RLI, an additional amount of $449,329.89.

Additionally, the Tribunal awarded Shah interest at the following per diem amounts for each and every day beyond April 7, 2008 until payment:

> i. against all Served Respondents, jointly and severally, the amount of $1,447.23 per day; and
> ii. against RLI, an additional amount of $436.01 per day.

(Hay Aff. at ¶ 7.)

### III. The Instant Proceeding

On May 12, 2008, Shah commenced this action to confirm and enforce the Arbitral Award. (Hay Aff. at ¶ 8.) In June 2008, three of the Respondents, RLI, IFC Metropol and ObiBank, were served with copies of the Notice, Petition and Shah Declaration.[3] These Respondents have failed to answer and/or otherwise respond to the Petition, and are in default. (Hay Aff. at ¶ 13; and Ex. 6 thereto, Clerk's Certificate of Default ("Clerk's Certificate").)

### ARGUMENT

When a party fails to timely respond to a pleading, the usual procedures would be to move under Fed. R. Civ. P. 55 for a default judgment. The Second Circuit in *D.H. Blair & Co., Inc. v. Gottdiner* held, however, that "default judgments in confirmation/vacatur proceedings are generally inappropriate." 462 F.3d 95, 109 (2d Cir. 2006). In *Blair*, a broker filed a state court petition to confirm an NASD award concerning investors' claims that the broker had violated federal securities laws. The District Court for the Southern District of New York entered default judgment confirming the award in part.

The Second Circuit found that, *inter alia*, the District Court had "before it the written contracts between the Investors and Broker, the NASD Uniform Submissions Agreements, the award rendered by the NASD arbitration panel, and the order denying

---

[3] As mentioned above, Shah dismissed, without prejudice, Respondent ILC from the case.

recalculation of the award." *Id.* As all of these documents were attached to the Broker's New York Petition, the Court held that "default judgment was inappropriate in light of this record. Rather, the petition and accompanying record should have been treated as akin to a motion for summary judgment based on the movant's submissions." *Id.*

Consistent with *Blair*, Shah moves for summary judgment against Respondents RLI, IFC Metropol and ObiBank under Fed. R. Civ. P. 56.

## IV. SUMMARY JUDGMENT SHOULD BE GRANTED WITH RESPECT TO SHAH'S PETITION TO CONFIRM ARBITRAL AWARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when, after reviewing the allegations in the pleadings and other evidentiary sources, the court finds that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Thus, a party attempting to avoid summary judgment must do more than raise "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Additionally, the non-moving party may not rely on conclusory allegations or unsubstantiated speculation. *Milligan v. Citibank*, 2001 WL 1135943, at *3 (S.D.N.Y. Sept. 26, 2001). "[T]he evidence adduced must exceed the chimerical scintilla; it must be 'evidence on which the jury could reasonably find for the plaintiff,' taking into consideration the burden of proof and standard of persuasion to be applied at trial." *Stockley v. AT&T Info. Sys., Inc.*, 687 F. Supp. 764, 770 (E.D.N.Y. 1988) (quoting *Anderson*, 477 U.S. at 252).

A.   Service of the Notice, Petition and Accompanying Papers Upon Respondents RLI, IFC Metropol and ObiBank Was Proper

Respondents RLI, IFC Metropol and ObiBank have failed to answer or otherwise respond to Shah's Petition. As the Clerk's Certificate attests, the Served Respondents have defaulted in this action. (Hay Aff. at ¶ 13 and Ex. 6 thereto.) Service of the Notice, Petition and accompanying papers has been accomplished legally and properly for each Served Respondent.

1.   Service of the Petition on RLI was Proper

RLI was properly served the Notice, Petition and the Shah Declaration on June 6, 2008 by means of Federal Express, international courier, pursuant to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, 20 U.S.T. 361 ("Hague Convention"), and Fed. R. Civ. P. 4(h)(2) and 4(f)(1). Fed. R. Civ. P. 4(h)(2) states that "Unless federal law provides otherwise…a domestic or foreign corporation, or a partnership…must be served…(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under f(2)(C)(i)."

Fed. R. Civ. P. 4(f)(1) states that "Unless federal law provides otherwise, an individual…may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention…."

The Hague Convention authorizes the use of postal channels under certain circumstances; Article 10 of the Hague Convention states that: "Provided the State of destination does not object, the present Convention shall not interfere with (a) the freedom to send judicial documents, by postal channels, directly to persons abroad…."

RLI is a limited liability partnership organized and existing under the laws of Gibraltar. (Hay Aff., Ex. 2, Shah Decl. at Ex. A p.2 and Ex. B p.1.) Gibraltar, as "a territory, possession or other jurisdiction of the United Kingdom," is a signatory to the Hague Convention. *See Status table, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last visited on August 20, 2008); *see also* http://travel.state.gov/law/info/judicial/judicial_686.html (last visited on August 20, 2008). The United Kingdom has made no declarations or reservations concerning service via the Hague Convention Article 10(a). *See Details: declarations UK*, http://www.hcch.net/index_en.php?act=status.comment& csid=427&disp=resdn (last visited on August 20, 2008).

On repeated occasions federal courts have found that service was proper by use of postal channels under the Hague Convention Article 10(a), for those nations that did not declare or reserve otherwise. *See Ackermann v. Levine*, 788 F.2d 830, 838 (2d Cir. 1986) (holding that service by mail did not violate the Hague Convention or constitutional due process under Article 10(a)); *EOI Corp. v. Med. Mktg. Ltd.*, 172 F.R.D. 133, 141 (D.N.J. 1997) (agreeing with the reasoning in *Ackerman*, concluding that "Article 10(a) of the Hague Convention permits service of process by mail"); *Wong v. Partygaming Ltd.*, 2008 U.S. Dist. LEXIS 37039, at *6-7 (N.D. Ohio May 6, 2008) (holding that "the United Kingdom objects to Article 10(b) and (c), but not to 10(a), meaning that judicial documents may be sent to the United Kingdom, and by extension, to Gibraltar....Further, service by mail is an acceptable means of service under Gibraltar law"). Further, Courts have held that "mail" means the use of private, courier delivery service like Federal Express. (*See, e.g., Wong*, 2008 U.S. Dist. LEXIS 37039, at *7-8 (accepting service by

DHL as "mail" under Hague Convention); *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 956 (N.D. Cal. 2008) (acknowledging service under the Hague Convention by "FedEx").)

As RLI was properly and validly served the Notice, Petition and accompanying documents by Federal Express pursuant to the Hague Convention, Article 10(a), and Fed. R. Civ. P. 4(h)(2) and 4(f)(1) on June 6, 2008, RLI is now in default.

2. <u>Service of the Petition on IFC Metropol and ObiBank was Proper</u>

Respondents IFC Metropol and ObiBank were properly served the Notice, Petition and accompany papers on June 23, 2008 by means of hand-delivery, pursuant to Fed. R. Civ. P. 4(h)(2) and 4(f)(2)(A) and the Civil Procedure Code of the Russian Federation, Article 113.1.

Respondents IFC Metropol and ObiBank are limited liability companies organized and existing under the laws of the Russian Federation. As the Russian Federation has temporarily suspended all judicial cooperation with the United States, the use of Fed. R. Civ. P. 4(f)(1) is not possible. *See Arista Records LLC v. Media Services LLC*, 2008 WL 563470, at *1, 2 (S.D.N.Y. Feb. 25, 2008) ("the Russian Federation, which, in spite of being a signatory to the Hague Service Convention, has temporarily suspended all judicial cooperation with the United States;" "the record is plain that the Central Authority of the Russian Federation denies all requests for service of process originating from the United States…judicial cooperation between the two countries has been suspended since July, 2003," thus "requests sent directly by litigants to the Russian Central Authority under the Hague Service Convention are returned unexecuted").

As indicated, *supra*, Fed. R. Civ. P. 4(h)(2) directs that non-individual entities outside any judicial district be served pursuant to 4(f), so long as it is not by 4(f)(2)(C)(i). Fed. R. Civ. P. 4(f)(2)(A) states that, if there is no internationally agreed to means of service, such as

the Hague Convention, that the party may serve "by a method that is reasonably calculated to give notice: as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction."

Respondents IFC Metropol and ObiBank were served by hand delivery at their registered offices in Moscow on June 23, 2008, as is permitted under the Russian Civil Procedure Code, Article 113.1. (Hay Aff. at ¶ 11 and Ex. 4 thereto.) The aforementioned Exhibit 4 is a declaration by Armine G. Manassyan ("Manassyan Declaration"), an attorney in the Moscow office of Salans, who personally delivered the Notice, Petition and accompanying papers to Bank Respondents' registered offices. Both entities accepted service, as indicated by their signatures of acceptance in Exhibit A to the Manassyan Declaration. The Manassyan Declaration not only indicates that Respondents IFC Metropol and ObiBank accepted service, but also that the Russian Civil Procedural Code permits service by hand-delivery in its courts of general jurisdiction, as required under Fed. R. Civ. P. 4(f)(2)(A) (Hay Aff. ¶ 11 and Ex. 4 thereto).

As Respondents IFC Metropol and ObiBank were properly and validly served the Notice, Petition and accompanying documents by hand delivery pursuant to Fed. R. Civ. P. 4(h)(2) and 4(f)(1) on June 23, 2008, they are now in default.

B.   **The Court Should Recognize, Confirm and Enforce The Arbitral Award**

The United States and England are signatories to the New York Convention, and the enacting legislation is codified at 9 U.S.C. § 201 *et seq*. The New York Convention applies to "arbitral awards not considered as domestic awards in the State where their recognition and enforcement are sought." Convention on the Recognition and Enforcement of Foreign Arbitral Awards Article 1 § 1, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 53. Here, the Arbitral Award rendered in this matter was made in London, England, and is between a U.S. citizen and

four foreign entities. Thus, it is not a domestic award in the State of New York. Accordingly, the Arbitral Award is subject to recognition and enforcement under the New York Convention.

Confirmation and enforcement of a foreign arbitral award is governed by 9 U.S.C. § 207 which provides:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

Here, this action is timely brought, and, pursuant to the rules of the LCIA, no appeal of the Arbitral Award is possible.[4]

Further, the party opposing enforcement of an arbitral award has the burden to prove that one of the seven defenses under the New York Convention applies.[5] *Rocket Jewelry*

---

[4] Paragraph 26.9 of the London Court of International Arbitration Rules provides:

All awards shall be final and binding on the parties. By agreeing to arbitration under these Rules, the parties undertake to carry out any award immediately and without any delay (subject only to Article 27); and the parties also waive irrevocably their right to any form of appeal, review or recourse to any state court or other judicial authority, insofar as such waiver may be validly made.

[5] Article V of the Convention reads as follows:

1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:

(a) The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or

(b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or

(c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or

(d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or

(e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

*Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 175 (2d Cir. 1998). The burden is a heavy one, as "the showing required to avoid summary confirmance is high." *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)). Given the strong public policy in favor of international arbitration, *see Compagnie Noga D'Importation Et D'Exp. S.A. v. Russian Fed'n*, 361 F.3d 676, 683 (2d Cir. 2004), review of arbitral awards under the New York Convention is "very limited . . . in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Yusuf Ahmed Alghanim*, 126 F.3d at 23 (quoting *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993)).

As Respondents have asserted no defenses under the Convention, and no colorable argument could be made in favor of nonrecognition, and as Shah's Petition has been timely submitted, it must be confirmed. *See* 21 U.S.T. 2517, Art. III ("Each Contracting State shall recognize arbitral awards as binding and enforce them" under the conditions laid out in the Convention.)

Accordingly, summary judgment should be granted recognizing and confirming the Arbitral Award and entering judgment in favor of Shah and against Respondents RLI, IFC Metropol and ObiBank in the amounts set forth in the Arbitral Award plus interest as set forth in the Arbitral Award as follows:

Against Respondents RLI, IFC Metropol and ObiBank, jointly and severally, in the amount of $5,566,823.17; and

---

2. Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that:

    (a) The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or

    (b) The recognition or enforcement of the award would be contrary to the public policy of that country.

Against Respondent RLI in the additional amount of $508,181.24.

(Hay Aff. at ¶ 15.)

## CONCLUSION

For the foregoing reasons set forth above, Shah's motion for summary judgment should be granted in its entirety, along with such other and further relief as the Court deems just, proper and equitable.

Dated:  New York, New York
        August 20, 2008

SALANS

By: _____
   John J. Hay
   Christopher A. Blackwell
Rockefeller Center
620 Fifth Avenue
New York, New York 10020
Tel. (212) 632-5500
Fax. (212) 632-5555
*Attorneys for Petitioner Bipinchandra Shah*